Commonwealth *v.* Carrington, Appellant.

Argued December 5, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

Before MIRARCHI, JR., J., without a jury.

*John W. Packel,* Assistant Defender, with him *Vincent J. Ziccardi,* Defender, for appellant.

*James Garrett,* Assistant District Attorney, with him *David Richman* and *James T. Ranney,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., April 3, 1974:

Appellant contends that there was insufficient evidence to convict him on the charge of carrying a firearm without a license.[1]

On February 2, 1972, Officer Anthony Kane of the Philadelphia Police observed an automobile being operated in a dangerous and reckless manner in the vicinity of 17th and Race Streets. He pulled the car over to issue a summons for improper passing and asked the operator for his license and auto registration. Cards identifying the appellant, James Carrington, were produced, and when the operator could not state his address or age, the officer made a radio call to check the status of the car. Officer Kane was informed that the car had been reported as stolen by Mr. Carrington. He thereupon arrested the operator, who was later identified as Robert Williams, and two other passengers, none of whom were the owner of the vehicle. Officer Kane then noticed a can on the front seat containing three plastic bags of white powder. Lab analysis disclosed the contents as amphetamine. Seeking to discover if further contraband was present in the car, police called Mr. Carrington who refused to assist them in opening the trunk. Police obtained a warrant, and found within an attache case in the trunk of the car a loaded .22 caliber pistol. Appellant was then arrested and charged with violation of the Uniform Firearms Act. After a jury waiver, appellant was found guilty on the charge of carrying a firearm without a license by the Honorable Charles P. MIRARCHI, JR., Judge of the Common Pleas Court of Philadelphia.

---

[1] Appellant's contention that there was not probable cause for the issuance of a search warrant to examine the trunk of his car is without merit. Having discovered contraband in the front seat of the car, police could reasonably believe that other fruits of criminal activity could be found in the car upon inspection. See, *Commonwealth v. Shaffer*, 447 Pa. 91, 288 A. 2d 727 (1972).

The Uniform Firearms Act states that "[n]o person shall carry a firearm in any vehicle or concealed on or about his person, except in his place of abode or fixed place of business, without a license therefor as hereinafter provided." 18 P.S. §4628(e). This Court has held that the carrying of a gun in the trunk of a car does constitute a violation of the act. *Commonwealth v. Walker*, 219 Pa. Superior Ct. 167, 280 A. 2d 590 (1971).

This case is unlike the group of cases which have sustained convictions based on joint constructive possession of contraband where the appellant was one of the occupants of a vehicle found to contain such contraband. See, e.g., *Commonwealth v. Townsend*, 428 Pa. 281, 237 A. 2d 192 (1968); *Commonwealth v. Festa*, 156 Pa. Superior Ct. 329, 40 A. 2d 112 (1944). In the instant case, the appellant was not present in the car at the time the car was stopped, nor when the gun was found. In fact, the appellant, the owner of the vehicle, had reported the car as stolen to the police. There is nothing in the record to indicate a conspiracy or link between the appellant and the occupants of the car so as to show that he in any manner vicariously engaged in criminal activity. No fingerprints belonging to the appellant were found on the gun, nor was there any evidence that appellant had placed the gun in the attache case. The mere fact that appellant owned the stolen vehicle and that papers were found in the attache case that could lead to a belief that appellant owned the case does not, establish beyond a reasonable doubt, that appellant placed the gun in the attache case or sanctioned the transport of the gun in the car. There is, in short, insufficient evidence to establish the offense of "carrying" with respect to the appellant. As this Court said in *Commonwealth v. Festa*, supra at 338: "[T]he mere presence of a revolver in the appellant's car was not a crime unless the appellant was

present and in control of the movements of the car." That crucial "connection" was not established by the Commonwealth in its case.

The judgment of sentence is reversed, the conviction vacated and appellant discharged.

WATKINS, P. J., dissents.