Commonwealth *v.* Griffin, Appellant.

426

Submitted June 12, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Joseph C. Santaguida,* for appellant.

*Maxine J. Stotland, David Richman, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 23, 1974:

Appellant contends that the evidence presented at trial was insufficient to support his conviction for possession of narcotics.

This Court must accept as true "all of the evidence, direct or circumstantial, and all reasonable inferences arising from the evidence, upon which the trier of facts could properly have based the verdict." *Commonwealth v. Fortune,* 456 Pa. 365, 367, 318 A. 2d 327, 328 (1974). Although there are conflicting accounts of the factual history of this case, the record reveals the following: On November 7, 1972, Leonard Gray, one of appellant's two co-defendants, approached Officers Jumper and Strohm and offered to supply them with heroin. A discussion ensued and Officer Jumper agreed to meet Gray the following day. On November 8 at 5:00 p.m., Officer Jumper arrived in his own car at the appointed place. Officers Strohm and Davis, along with Federal Agent Hendrich, arrived in a separate car. Officer Jumper told Gray that Davis was the "taster" and that Hendrich was his partner. Officer Strohm showed Gray $5000 in cash. At that point, Gray left to place a telephone call. He returned and directed the officers to a second location, where they would meet Thomas Griffin.

When they arrived at the second location, Gray, who was a passenger in Officer Jumper's car, pointed out an off-white Plymouth and told Jumper that the heroin

would arrive in a similar car. After an hour and one-half had elapsed, a car answering Gray's description arrived. Gray told Jumper that the heroin was there and left Jumper's car to speak with the occupants of the Plymouth. The Plymouth was later determined to be owned and operated by the appellant. The passenger in the Plymouth, co-defendant Stewart, got out of the car and opened the trunk. Gray returned to Officer Jumper's car and announced that the narcotics had arrived. He also stated that the money would be passed to Thomas Griffin. Shortly thereafter, Thomas Griffin arrived in a Buick. According to Officer Jumper, neither appellant nor Stewart ever entered the Buick.[1] Appellant and Stewart then drove off, and Gray told Officer Jumper that the money would be exchanged in the Buick. Agent Hendrich entered the Buick and spoke with Gray and Thomas Griffin. During that conversation, the other officers approached the Buick, identified themselves, and arrested Gray and Thomas Griffin.

On the basis of information he had received from Officer Jumper, Officer Davis, along with Agent Hendrich, remained to await the return of the Plymouth. Approximately ten minutes later, the Plymouth returned, and Officer Davis arrested the occupants of the Plymouth, the appellant and Stewart. Both cars were subsequently taken to police headquarters and search warrants were obtained. Since appellant did not have a key, the trunk to the Plymouth was pried open. A brown paper bag containing a substance later identified as heroin was found.

Since the heroin was not found on appellant's person, he was properly convicted only if the Common-

---

[1] Agent Hendrich did testify that he saw both appellant and Stewart enter the Buick and converse with Gray and Thomas Griffin. Since we believe that the conviction can be sustained on the basis of Officer Jumper's testimony, we need not consider this additional evidence.

wealth proved joint constructive possession. In *Commonwealth v. Townsend,* 428 Pa. 281, 237 A. 2d 192 (1968), the Pennsylvania Supreme Court stated that two elements are essential to a finding of joint constructive possession: the power of control and the intent to exercise that control. Since appellant was the owner and operator of the vehicle in which the heroin was found, and since there was no showing that anything was placed in the trunk during the period between the Plymouth's arrival and departure from the scene, appellant's power of control can reasonably be inferred. Appellant argues, however, that the "intent to exercise" was not shown because the Commonwealth failed to prove that appellant was aware of the existence of heroin in the trunk of his automobile.

Appellant characterizes his conviction as based upon "mere presence" at the scene of the crime. "When the crime charged is the illegal possession of narcotic drugs, the presence of a person at the scene, *without a consideration of the totality of the circumstances,* does not prove the crime." (Emphasis added). *Commonwealth v. Fortune,* supra at 329. See also, *Commonwealth v. Tirpak,* 441 Pa. 534, 272 A. 2d 476 (1971); *Commonwealth v. Schulhoff,* 218 Pa. Superior Ct. 209, 275 A. 2d 835 (1971). We believe that the totality of the circumstances in the present case provides the essential ingredients from which the jury could infer that appellant was a participant in the crime and thus had the requisite "intent to exercise."[2]

---

[2] Although not raised on appeal, the opinion of the court below discussed the issue of whether Officer Davis had probable cause to arrest the appellant. On the basis of information he had received from Officer Jumper and his own observations, Officer Davis had sufficient probable cause to believe that appellant had committed or was committing a crime. See, *Commonwealth v. Brayboy,* 431 Pa. 365, 246 A. 2d 675 (1968).

In the present case, co-defendant Gray informed Officer Jumper that an off-white Plymouth would arrive at the scene with the heroin. Appellant arrived in a car answering that description. At that point, Gray left Officer Jumper's car and conversed with the occupants of the Plymouth. Co-defendant Stewart then opened the trunk of the Plymouth. Gray returned to Officer Jumper's car and announced to him that the heroin had arrived. Although the Plymouth left the scene during the attempted money exchange, it returned within ten minutes, apparently to complete the transaction. These facts clearly distinguish the instant case from those decisions where the evidence was held insufficient to support the conviction of the owner, operator, or passenger of a vehicle in which contraband was found.

In *Commonwealth v. Townsend,* supra, appellant was convicted for illegal possession of a firearm. In that case, police officers observed a gun protruding from the front seat on the passenger side. Appellant was one of three occupants of the vehicle. Although appellant was held to have had the power to control, the intent to exercise control was not proven because there was no evidence that appellant was sitting on the passenger side of the front seat. In the present case, however, the totality of the circumstances indicates clearly that appellant, the owner-operator of the vehicle carrying illegal drugs, was aware of the existence of contraband in the trunk of his automobile.

Similarly, in *Commonwealth v. Carrington,* 227 Pa. Superior Ct. 472, 324 A. 2d 531 (1974), police officers discovered a gun in an attache case in the trunk of a *stolen* vehicle. The owner of the automobile was convicted for illegal possession of the firearm. This Court reversed because the appellant was out of possession and thus power to control was not shown. Furthermore, the "intent to exercise" element was not proven since there was no evidence linking Carrington and the

occupants of the car so as to show that he had been vicariously engaged in their criminal activity. In the present case, however, appellant was the driver of the vehicle throughout the transaction and thus had the power of control over the narcotics. Further, there was ample evidence linking appellant to the criminal conduct of his co-defendant Gray. Thus, under the totality of the circumstances, the jury was justified in finding appellant guilty of the crimes charged. But, c.f., *Commonwealth v. Valle*, 227 Pa. Superior Ct. 191, 323 A. 2d 74 (1974).

Judgment of sentence is affirmed.