380 A.2d 416

**COMMONWEALTH of Pennsylvania**

v.

**Henry KIDD, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 22, 1976.

Decided Dec. 2, 1977.

Mary Bell Hammerman, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas, Criminal Division of the County of Philadelphia, by the defendant Henry Kidd, who was convicted by a jury of robbery and criminal conspiracy. Post-trial motions were denied by the court, and appellant was sentenced to undergo imprisonment for not less than seven and one-half years nor more than twenty years, with ten years' probation to ensue.

Appellant's first contention on this appeal is that his arrest was not supported by probable cause. Appellant,

however, failed to raise this issue on post-trial motions and is therefore precluded from raising it on appeal. *Commonwealth v. Blevins*, 459 Pa. 652, 331 A.2d 180 (1975); *Commonwealth v. Bronaugh*, 459 Pa. 634, 331 A.2d 171 (1975); *Commonwealth v. Keysock*, 236 Pa.Super. 474, 345 A.2d 767 (1975).

Appellant next contends that the evidence was not sufficient to sustain a conviction for robbery and criminal conspiracy. While it is true that the Commonwealth must prove every essential element of a crime beyond a reasonable doubt, the Commonwealth may sustain this burden wholly by means of circumstantial evidence. *Commonwealth v. Cimaszewski*, 447 Pa. 141, 288 A.2d 805 (1972); *Commonwealth v. James*, 230 Pa.Super. 186, 326 A.2d 548 (1974). It is also well settled that the test in a criminal case of the sufficiency of the evidence is:

> "Whether, accepting as true all the evidence and all reasonable inferences therefrom, upon which if believed the jury could properly have based its verdict, it is sufficient to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted." *Commonwealth v. James*, supra; *Commonwealth v. Eiland*, 450 Pa. 566, 301 A.2d 651 (1973).

The record establishes the following facts: On the morning of November 23, 1974 at approximately 3:30 A.M., Robert Blackburn was working in the Roy Rogers Roast Beef Restaurant at Front Street and Oregon Avenue in Philadelphia. The restaurant closed at 1:00 A.M. and Mr. Blackburn, the assistant manager, was finishing his daily paper work. While so engaged, someone grabbed him around the neck from behind and pressed something that felt like a gun against his neck. He was forced to open the safe and to remove approximately $1,400 kept in two Provident National Bank deposit bags, and a brown envelope marked "Marriott Corporation." Mr. Blackburn could not see his assailants clearly but did ascertain that there were at least two black men, one of whom was wearing a brown suede ¾ length coat. The assailants tied up Mr. Blackburn and left. Mr. Blackburn worked himself free within a

couple seconds and ran outside in time to see a blue Pinto leaving the front of the restaurant. He flagged down a passing police car, pointed out the suspected getaway car and told the police officer what had happened. The officer issued a flash radio message over his police radio. Approximately the same time another police car, which had begun following the suspect's car, heard the flash message and tried to pull the car over by flashing the red light. The suspect car accelerated and went through a red light. When finally forced to stop, the two men sitting in the front seat got out and tried to leave, but were stopped by the police officer. All this occurred within five minutes and five and one-half blocks from the robbery.

The man who had been sitting on the passenger side in the front seat was wearing a brown ¾ length suede coat. Mr. Blackburn was brought to the scene minutes after the suspects were stopped and identified this coat as the coat worn by one of his assailants. Appellant was found seated in the back seat of the car. The bank bags taken from the restaurant were on the floor in the rear of the car near where he was sitting, and the brown envelope marked "Marriott Corporation" was on the seat next to him. A total of $1,200 in cash was found in the bank bags and on the person of the man wearing the brown coat.

The evidence clearly supports the strongest inferences that two of the individuals in the car were the assailants who robbed the restaurant. The facts of the early morning hour, the short time between the robbery and the apprehension of the suspects, and the fact that the stolen money was in clear view would tend to disprove any assertion that appellant's association with the other two was without knowledge of the robbery. It is also a fair inference that if the robbers intended to escape by car, the driver would remain outside during the robbery. This is circumstantial proof that appellant and the man wearing the brown coat were the actual assailants. The inference drawn from these facts is further supported by the presence of the money, bank bags, and envelope taken during the robbery and found either on the person of the man wearing the coat or in the

back seat with appellant, while nothing taken during the robbery was found on or near the driver.

■ To uphold a conviction of conspiracy it is necessary that the evidence prove a common understanding or an agreement to accomplish an unlawful purpose. *Commonwealth v. Yobbagy*, 410 Pa. 172, 188 A.2d 750 (1963); *Commonwealth v. Neff*, 407 Pa. 1, 179 A.2d 630 (1962). The agreement, however, can be proved by circumstantial evidence, and the court will sustain a conviction for conspiracy "where the conduct of parties indicate they are acting together with a common and corrupt purpose in view . . ." *Commonwealth v. Albert*, 151 Pa.Super. 184, 30 A.2d 184 (1943); *Commonwealth v. Armbruster*, 225 Pa.Super. 415, 311 A.2d 672 (1973); *Commonwealth v. Esposito*, 236 Pa.Super. 127, 344 A.2d 655 (1975). In the present case, the overwhelming circumstantial evidence shows that appellant and the other assailant entered the restaurant together about two hours after the restaurant had been closed. They worked together during the robbery and left together in a waiting car. These acts demonstrate a common design, and support a charge of conspiracy sufficient to prove appellant guilty beyond a reasonable doubt.

■ Appellant next contends that the court erred in issuing supplemental instructions which went beyond the specific question asked by the jury. After the jury had been deliberating for some time they submitted a written request for the trial judge to clarify its charge on robbery. The court then repeated both its charge on robbery, and its charge on conspiracy. Where a jury submits on its own motion a question to the court indicating confusion or a request for clarification, the court may properly clarify the jury's doubt or confusion. *Commonwealth v. Peterman*, 430 Pa. 627, 244 A.2d 723 (1968). The feasibility and scope of any supplemental instructions to the jury is a matter within the discretion of the trial court. *Commonwealth v. Tervalon*, 463 Pa. 581, 345 A.2d 671 (1975). Our Supreme Court has held that it is not error for the trial court to go beyond the jury's question in its response to the question. See *Commonwealth v. Moore*, 454 Pa. 337, 311 A.2d 620 (1973).

In the present case, in view of how closely intertwined the charges of robbery and conspiracy were, it was a proper exercise of its discretion for the court to go beyond the specific question from the jury and repeat both charges so as to prevent confusion among the jury.

Lastly, appellant contends that he is entitled to discharge because he was not tried within 180 days as required by Pa.R.Crim.P., Rule 1100. In particular, appellant argues that the trial court improperly granted a petition for extension filed by the Commonwealth pursuant to Rule 1100(c), because the petition was based upon the unavailability of a courtroom on one of the prior occasions when the case had been listed for trial. See *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976); *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976). We disagree.

■ First, the Commonwealth's petition for extension was timely filed on May 23, 1975. Although, chronologically, May 22, 1975 was the 180th day after the filing of the criminal complaint, defense counsel had failed to appear at a trial listing on April 9, 1975, forcing the trial to be continued for thirty-three days. Since the inability of counsel to appear automatically excludes the delay necessitated thereby from the running of the rule, the Commonwealth's filing of the petition on May 23, 1975 was timely. Pa.R.Crim.P., Rule 1100(d)(1) & (2). See also *Commonwealth v. Shelton*, 469 Pa. at 13, 364 A.2d at 697. Therefore, no less than three days, and perhaps as many as thirty-three days, were chargeable to the defendant rather than the Commonwealth.

■ Second, the Commonwealth showed due diligence in bringing appellant to trial. On two prior occasions the district attorney's office was frustrated in its attempt to try appellant for the instant robbery and related offenses. On the first occasion, March 3, 1975, the court was forced to continue the case because of the unavailability of a courtroom; on the second attempt, as discussed above, defense counsel failed to appear.

In *Commonwealth v. Shelton*, supra, our Supreme Court recognized that "judicial delay" may be grounds for grant-

ing an extension of time. Specifically the Court stated that "judicial delay" will justify an extension in: "Situations where the Commonwealth is prepared to commence trial prior to the expiration of the mandatory period but the court because of scheduling difficulties or the like is unavailable." Id. 469 Pa. at 18, 364 A.2d at 699. See also *Commonwealth v. Wilson*, 245 Pa.Super. 235, 369 A.2d 376 (1976). In addition, *Commonwealth v. Mayfield*, supra, which elaborated upon the interpretation of Rule 1100 set forth in *Shelton*, does not require a different result. Although *Mayfield* requires a court granting an extension for "judicial delay" to certify that the date scheduled is the earliest date consistent with the court's business, and that the record must show the causes of the delay and the reasons why the delay could not be avoided, *Mayfield* does not apply to the instant case. *Mayfield* couches this prescription for building an adequate record in prospective terms, viz. "henceforth." Since *Mayfield* was not decided until October 8, 1976, the hearing court in the instant case could not be expected to anticipate and comply with those prophylactic requirements. Thus, the court in the instant case, within the terms and criteria of *Shelton*, properly granted the Commonwealth's petition for an extension.

Judgment of sentence affirmed.

SPAETH, J., concurs in the result.