386 A.2d 64

**COMMONWEALTH of Pennsylvania**

v.

**Arliss THOMAS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1977.

Decided April 28, 1978.

Roy H. Davis, Assistant Public Defender, Drexel Hill, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

Appellant was convicted, following a jury trial, of possession of a controlled substance (heroin). Post-verdict motions were presented challenging the lower court's suppression order and sufficiency of the evidence generally. This appeal followed.

The facts are as follows: On June 8, 1975, at about 10:45 A.M., appellant, Arliss Thomas and another man, Cornelius Peace, were observed by Officer Miller of Ridley Township Police Department in an automobile being operated on Mac-Dade Boulevard in Ridley Township, Delaware County, Pennsylvania. Appellant was operating the automobile which was owned by a third person, who is not involved in this proceeding. The vehicle had an expired North Carolina registration plate.

Upon observing the expired North Carolina registration plate, Officer Miller radioed for a back-up police vehicle and

then proceeded to stop appellant at the intersection of Ridley Avenue and MacDade Boulevard. By this time, the back-up vehicle containing Detective LePere had arrived at the scene. Officer Miller approached the appellant's automobile from the driver's side and as he did so, he noticed the appellant reach his right arm and hand in a downward motion toward the area of the floor of the car near the gas pedal. Upon seeing this the officer drew his service revolver and ordered appellant out of the automobile. Detective LePere testified that as Officer Miller approached appellant's automobile on the driver's side, he approached on the passenger side and personally observed the appellant lean forward and reach in the area of the gas pedal of the automobile with his right arm and hand. Detective LePere proceeded to the driver's side of the vehicle and retrieved a package, which was in "plain view," from the floor of the automobile, in the vicinity of the gas pedal. This package contained 14 small packets which were later identified as heroin.

Appellant first contends that the court's refusal to suppress the package of heroin was reversible error. Specifically, appellant complains that the police officers did not have probable cause to search the vehicle which he was operating. However, the acquisition of the heroin as evidence can be clearly sustained by the testimony of the officers who were present at the scene. The testimony indicated that the package was found on the floor of the car, directly in front of the driver's seat and near the gas pedal. It was not necessary for the officer to do anything, but look into the car in order to see the package. The reason the police officer looked in that area of the automobile at all was the fact that he saw appellant, seconds earlier, put his right hand down in that area and he was concerned that perhaps appellant had put a weapon there. This fact alone would have justified the search of that area of the automobile. As stated in *Commonwealth v. Dussell*, 439 Pa. 392, 266 A.2d 659 (1970), "the stopping of an automobile for the arrest of a driver of a motor vehicle for an ordinary traffic offense does not without more, permit a warrantless search of the vehi-

cle. To justify such a search even though a movable vehicle is involved, an officer must have independent probable cause to believe . . . that evidence of a crime is concealed within the vehicle, *or that there are weapons therein which are accessible to the occupants.*" This basis for the search was certainly justified for the officers' own protection. Protective searches of this nature are encouraged by the United States Supreme Court for the personal security of law enforcement officers generally. *Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); *Chambers v. Maroney,* 399 U.S. 42, 47, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). See also, *Commonwealth of Pennsylvania v. Mimms,* 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977); *Commonwealth v. Timko,* 251 Pa.Super. 442, 380 A.2d 861 (1977).[1]

■ Appellant's remaining contention is that the evidence presented at trial was not sufficient as a matter of law to prove his guilt beyond a reasonable doubt. We find no merit to this contention. The case of *Commonwealth v. Townsend,* 428 Pa. 281, 237 A.2d 192 (1971) held that the essential elements necessary to establish "constructive possession" of drugs where the defendant is not found to have drugs on his person are: "the power of control and the intent to exercise that control." Appellant's reliance on the *Commonwealth v. Townsend* decision, however, is inapplicable. The factual situation in *Townsend* differs significantly from the case at bar. In *Townsend* the court overruled the trial judge's finding of guilt, even though the contraband was found in the front seat of the car because there was no evidence as to where the defendant was seated in the car. Thus, the essential elements for constructive possession were

1. Appellant does not raise the issue of whether the police had probable cause to *open* the package without first securing a search warrant. Compare: *Commonwealth v. Timko, supra* (dissenting opinion by Spaeth, J.). See *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977); *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *Commonwealth v. Whitner,* 241 Pa.Super. 316, 361 A.2d 414 (1976); *Commonwealth v. Spriggs,* 224 Pa.Super. 76, 302 A.2d 442 (1973).

lacking. Here, the Commonwealth introduced the testimony of two police officers who saw the appellant seated in the driver's seat and reach down with his right arm and hand in a motion towards the gas pedal area, where the heroin was found almost immediately after this conduct. In *Commonwealth v. Griffin*, 230 Pa.Super. 425, 326 A.2d 554 (1974), heroin was found in the trunk of a car being operated by the defendant. It was held that the power of control could reasonably be inferred by the jury because the drugs were found in the trunk of an automobile operated by the defendant. "We believe that the totality of the circumstances in the present case provides the essential ingredients from which the jury could infer that appellant was a participant in the crime and thus had the requisite 'intent to exercise'." *Id.*, 230 Pa.Super. at p. 429, 326 A.2d at p. 556. Similarly, it is clear that the jury in the instant case could reasonably infer that the appellant's proximity to the location where the drugs were found, and his reaching in said direction immediately before the drugs were located, established that appellant both controlled the heroin and intended to exercise that control.

Judgment of sentence affirmed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.