417 A.2d 633

**COMMONWEALTH of Pennsylvania**

v.

**Clinton FLYTHE, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Filed Dec. 14, 1979.

Petition for Allowance of Appeal Denied July 21, 1980.

Arthur J. King, Chief, Appeals Division, Norristown, for appellant.

James A. Cunningham, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before PRICE, SPAETH and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Montgomery County, Criminal Division, by the defendant-appellant, after conviction, non-jury, of criminal conspiracy and possession of instrument of crime.

The defendant claims that the evidence adduced at his trial was insufficient to convict him of the offenses.

On July 8, 1977, an officer of the Lower Merion Township Police Department was patrolling in an unmarked vehicle at a shopping center when he noticed two males proceeding towards him on foot. Upon seeing the officer, who was in

uniform, the men "turned heel" and ran to an automobile which was parked about eighty yards away. The officer followed the vehicle and observed two other occupants in it. The defendant was seated in the front passenger seat. As the vehicle moved away from the officer he noticed that it's registration plate had been altered and that it was leaving the area through an "entrance only" route. The officer then approached the vehicle and observed the defendant lean down as if to push something under the seat. Upon stopping the vehicle the officer noticed the grip of a pistol protruding from underneath the seat. He thereupon summoned additional police. When they arrived they searched the vehicle and found a GT tear gas gun, 928 cc container of mace, and a valise containing bolt cutters and an adjustable wrench. Defendant was arrested, tried and convicted of possession of instruments of crime (18 C.P.S.A. 907) and criminal conspiracy (18 C.P.S.A. 903). He was sentenced to serve a term in prison of one to five years.

Defendant claims that the search of the vehicle was unlawful. His motion to suppress the evidence was denied by the court below. The officer's stopping of the vehicle for the traffic violation did not justify a search of the vehicle. However, his subsequent observations of defendant leaning over as if to push something under the passenger seat and his observation of the pistol grip protruding from under the seat gave him sufficient independent probable cause to search the vehicle. *Commonwealth v. Thomas*, 254 Pa.Super. 505, 386 A.2d 64 (1978). Therefore, the court below properly denied defendant's suppression motion.

The test of sufficiency of the evidence is whether accepting as true all the evidence and all reasonable inferences drawn therefrom, upon which if believed, the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that defendant is guilty of the offense. *Commonwealth v. Eddington*, 255 Pa.Super. 25, 386 A.2d 117 (1978). The defendant may be convicted on wholly circumstantial evidence. *Commonwealth v. Finnie*, 415 Pa. 166, 202 A.2d 85 (1964). In our case, a finder of fact

could reasonably have concluded that the defendant was guilty of possession of an instrument of crime with intent. *18 C.P.S.A. 907(c)(2)* defines an instrument of crime as "anything commonly used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have". Here the defendant was found with a tear gas gun, mace, and a valise with bolt cutters and an adjustable wrench in a vehicle with three other persons in a shopping center. Upon seeing the officer, two of the vehicle's occupants fled to their car whereupon the operator of the vehicle immediately attempted to flee. Defendant was found in the front seat of the vehicle leaning down as though placing something under the seat. The tear gas gun was then found underneath the seat. From these facts the lower court could reasonably have concluded that the defendant had control over the gun (he was within easy reach of it) and that he knew of its presence (he had leaned down as if to push something under the seat). Certainly an inference could reasonably be drawn by a fact finder to the effect that he knew of the gun's presence. It strains the imagination to believe that defendant innocently entered this vehicle having no knowledge of the items found therein when, the pistol at least, was within a few inches of him and a portion of it was in plain view. Two elements are necessary to a finding of joint possession; namely, the power to control the object and the intent to control it. *Commonwealth v. Whitman*, 199 Pa.Super. 631, 186 A.2d 632 (1962). The Commonwealth has shown both elements here and the very nature of some of the items found in the vehicle (items whose sole purpose is to do violence to other people, e. g., tear gas gun and mace) under these circumstances enable a fact finder to infer that their intended use was unlawful.

▇▇▇▇ A conviction for conspiracy may be sustained in the absence of direct evidence of an unlawful agreement. The conduct of the parties and the circumstances surrounding their activities may support the inference that a conspiracy did exist. *Commonwealth v. Esposito*, 236 Pa.Super. 127, 344 A.2d 655 (1975). Here it was reasonable to infer

that defendant, acting in concert with others, agreed to possess various instruments of crime. Thus, sufficient evidence existed for a fact finder to find him guilty of conspiracy.

Judgment of sentence affirmed.

SPAETH, J., files a dissenting opinion.

SPAETH, Judge dissenting:

I agree with appellant that the evidence was insufficient to convict him either of possession of an instrument of crime or of conspiracy.

To convict an accused of possession of an instrument of crime, the Commonwealth must prove beyond a reasonable doubt 1) possession by the accused of an instrument, 2) commonly used for criminal purposes, 3) under circumstances manifestly inappropriate for such lawful uses as the instrument may have, 4) with the intent to employ it criminally. *Commonwealth v. Morgan*, 265 Pa.Super. 225, 401 A.2d 1182 (1979); Act of Dec. 6, 1972, P.L. 1482, No. 334 § 1, eff. June 6, 1973, 18 Pa.C.S. § 907. Here the Commonwealth failed to prove possession.[1]

The items appellant is charged with possessing—a can of chemical mace, a tear gas gun, a wrench, and a pair of bolt cutters—were found by police under the seat of the automobile in which appellant was a passenger along with two other men and the driver. The automobile was not owned by appellant, but by a relative of the driver.

It is well-established that without more, evidence of the presence in an automobile of instruments of crime is insufficient to show that a passenger had possession of them. *Commonwealth v. Armstead*, 452 Pa. 49, 305 A.2d 1 (1973); *Commonwealth v. Townsend*, 428 Pa. 281, 237 A.2d 192

1. Appellant also argues that the Commonwealth failed to prove intent, but I find it unnecessary to consider this argument. In addition, I need not consider appellant's argument that the lower court erred in denying his motion to suppress the Commonwealth's evidence.

(1968); *see Commonwealth v. Tirpak*, 441 Pa. 534, 272 A.2d 476 (1971). In addition to evidence of presence, the Commonwealth must show "constructive" or "joint" possession of the instruments by establishing that the passenger had the power to control the instruments and the intent to exercise that power. *Id.*

Here, appellant had the power to control the instruments, for they were within his easy reach. *See Commonwealth v. Townsend, supra.* To prove that appellant intended to exercise that power, however, the Commonwealth had to show that appellant knew of their presence, and there is no evidence that he did. *Commonwealth v. Armstead, supra; Commonwealth v. Townsend, supra.* Appellant did not own the automobile in which he was riding. The evidence that the instruments were under his seat did not prove knowledge, for the owner of the automobile, the driver, or one of the other passengers could just as well have placed them there.[2] The arresting officer's testimony that appellant was "leaning forward" when the automobile was stopped is insufficient to support the inference that appellant placed the instruments under the seat.[3] On this limited evidence, the Commonwealth failed to establish constructive possession. At most the Commonwealth has presented evidence of the officer's suspicions, which is not sufficient. *Commonwealth v. Farquharson*, 467 Pa. 50, 354 A.2d 545 (1976); *Commonwealth v. Stanley*, 453 Pa. 467, 309 A.2d 408 (1973).

**2.** In *Commonwealth v. Whitman*, 199 Pa.Super. 631, 186 A.2d 632 (1962), the court mentioned that the articles in question were found under the accused's seat. However, the evidence regarded by the court as crucial was the defendant's possession of gloves of the kind used by burglars, and the fact that the defendant and his companions were far from home late at night, and ostensibly going on a long trip, but the only personal luggage they carried was filled with burglar's tools.

**3.** The arresting officer originally testified that he saw appellant reaching under the seat to place something there. However, on cross-examination it appeared that the officer's view was obstructed by a high bucket-seat, that the officer at most saw appellant leaning forward, and that it was simply the officer's "belief" that appellant was placing something under the seat.

The Commonwealth also failed to prove a conspiracy. A conviction for conspiracy may be sustained without direct or explicit proof of an unlawful agreement. *Commonwealth v. Ridgley*, 243 Pa.Super. 397, 365 A.2d 1283 (1976); *Commonwealth v. Armbruster*, 225 Pa.Super. 415, 311 A.2d 672 (1973). Where a conspiracy is inferred from the surrounding circumstances, however, it is most often the case that the defendants are found guilty of some other substantive offense as well, and *post facto* proof that a conspiracy was at work is supplied by the evidence that the defendants, acting in consort, committed a crime. *E. g. Commonwealth v. Kidd*, 251 Pa.Super. 140, 380 A.2d 416 (1977); *Commonwealth v. Esposito*, 236 Pa.Super. 127, 344 A.2d 655 (1975). Where, as here, no other overt crimes have been committed, courts must exercise particular care in inferring a conspiracy from circumstantial proof alone, for it is axiomatic that a conviction for conspiracy may not rest on conjecture. *Commonwealth v. Roscioli*, 454 Pa. 59, 309 A.2d 396 (1973); *Commonwealth v. Perdie*, 249 Pa.Super. 406, 378 A.2d 359 (1977). The evidence must be of the kind that would reasonably and naturally justify an inference of guilt, and must be of such a volume and quality as to overcome the presumption of innocence. *Commonwealth v. Perdie, supra.* Here, the Commonwealth proved only that the appellant and his companions were in a shopping center parking lot at midday, that they left the parking lot, and that the automobile in which they were riding contained instruments that might have been employed for criminal purposes. The suggestion that appellant and his companions left because they wished to avoid detection once they learned of the presence of a police officer is conjecture. Although the driver started to leave the parking lot by an entrance driveway, he was proceeding at a normal rate of speed and stopped immediately upon being signalled by the officer. These actions are at least as indicative of a lawful purpose as they are of an unlawful one.

I should reverse the judgment of sentence, and order appellant discharged.