J-S54004-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GENE LIVINGSTON, III | : | |
| | : | |
| Appellant | : | No. 792 WDA 2016 |

Appeal from the Judgment of Sentence May 2, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0013189-2015

BEFORE:   OTT, J., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                    FILED DECEMBER 19, 2017

Gene Livingston, III, appeals from the judgment of sentence entered on May 2, 2016, in the Allegheny County Court of Common Pleas, made final by the denial of post-sentence motions on May 17, 2016.[1]  The trial court imposed a term of nine to 18 months' imprisonment, following a non-jury trial in which Livingston was convicted of persons not to possess firearms.[2]  On appeal,

_____

[*] Former Justice specially assigned to the Superior Court.

[1]  Livingston was tried jointly with his co-defendant, Sir John Withrow. Withrow was convicted of the same offense plus two additional charges. Withrow has also appealed his judgment of sentence, and he raises similar, but not identical claims, to the one filed by Livingston.  See Commonwealth v. Withrow, 1287 WDA 2016.

[2] See 18 Pa.C.S. § 6105(a).

Livingston contends the trial court erred in denying his motion to suppress physical evidence and there was insufficient evidence to convict him of gun possession.[3]  For the reasons below, we affirm.

The trial court set forth the factual history as follows:

> Officer Ryan Coll of the McKees Rocks Police Department was on duty on November 8, 2015.  At approximately 3:55 a.m., he received a dispatch that three males were passed out in a Ford Escort in the parking lot of a CoGo's convenience store in McKees Rocks.  When he arrived at the CoGo's, Officer Coll observed the Ford Escort but there were actually six people inside the vehicle.  The Ford Escort was a small vehicle.  The vehicle's engine was running.  There was one male in the driver's seat, one male in the front passenger seat and three females and one male in the rear seats of the vehicle.  All six people were sleeping.  Sir John Withrow was in the driver's seat.  Gene Livingston, who was a large man, was in the front passenger seat.  McKees Rocks police Officer Roche arrived on the scene.  He proceeded to the driver's side window.  Officer Coll remained at the front passenger window.  Due to the officers' fear that serious injury could occur to one of the occupants or a pedestrian if the vehicle was accidentally placed into gear by one of the sleeping occupants, both officers began to knock on the windows.  Despite the knocking, none of the occupants woke up.  After unsuccessfully attempting to wake the occupants, Officer Roche checked to see if the passenger door was unlocked.  The passenger door was unlocked so he opened the door, reached into the vehicle, turned the engine off and removed the keys from the ignition.  Mr. Livingston opened his eyes briefly then went back to sleep.  Eventually, the officers were able to wake Mr. Withrow and Mr. Livingston.  Officer Roche returned to his patrol vehicle to run a background check on Mr. Withrow and Mr. Livingston through dispatch.  Officer Coll remained with the vehicle.  While Officer Roche was checking with dispatch, Officer Coll observed Mr. Livingston reaching with his left hand towards the center console of the vehicle.  Mr. Withrow was also observed making movements with his right hand toward the console.  Officer Coll could not see what they were reaching for.

_____

[3]  We have reversed the order of Livingston's issues for ease of disposition.

Officer Coll ordered both males to show their hands and to stop making movements.

Mr. Livingston continued to move around inside the vehicle. Fearing for his safety, Officer Coll ordered Mr. Livingston out of the vehicle. He also ordered Mr. Livingston to sit on the sidewalk. At this point, Officer Roche returned to the vehicle. Based on Officer Roche's background check, officers learned that Mr. Withrow's driver's license was suspended. Due to that fact, Officer Coll called for a tow truck. Officer Roche asked Mr. Withrow to exit the vehicle. Mr. Withrow refused to exit the vehicle. Mr. Withrow began to take his jacket off and again reached toward the center console. Officer Roche then physically removed Mr. Withrow from the vehicle. After Officer Roche conducted a pat-down search of Mr. Withrow for weapons, Mr. Withrow consented to a search of his person. Heroin and crack cocaine were discovered. Mr. Withrow was taken into custody and placed into Officer Roche's patrol vehicle. The remaining occupants of the vehicle woke up. They were each checked by other officers who responded to the scene and told they were free to go.

Officer Coll was about to begin conducting an inventory search of the vehicle before the tow truck arrived. Prior to beginning the inventory search, Officer Coll noticed a firearm on the top of the console between the driver's and front passenger's seats. The firearm was in plain view and he was able to observe it from outside the vehicle. He did not see the firearm when he turned the ignition off. He immediately took possession of the firearm and he found it to be loaded. At this point, Mr. Livingston was also placed under arrest.

Trial Court Opinion, 1/19/2017, at 1-3.

Livingston was charged with carrying a firearm without a license and persons not to possess a firearm. A suppression hearing was held on May 2, 2016, immediately before a stipulated non-jury trial and sentencing. At that time, Livingston orally joined Withrow's suppression motion, which had been

filed on April 8, 2016.[4] See N.T., 5/20/2016, at 4-5. The trial court denied the suppression motion. The court subsequently convicted Livingston of person not to possess a firearm,[5] and sentenced him to a term of nine to 18 months' incarceration, followed by two years of probation. On May 12, 2016, Livingston filed a post-sentence motion, alleging: (1) there was insufficient evidence to support his conviction; (2) the verdict was against the weight of the evidence; and (3) the trial court should modify his sentence. On May 17, 2016, the trial court denied his motion. This timely appeal followed.[6]

In his first issue, Livingston argues the trial court erred in denying his motion to suppress because the police did not have lawful custody of the car, and therefore, the inventory search was improper. See Livingston's Brief at 24. Specifically, he states:

> [T]he police did not wait 24 hours after immobilizing the vehicle, as 75 Pa.C.S.A. § 6309.2(b) requires, and there was no public-

---

[4] In the motion, the co-defendants argued: (1) the officers lacked the necessary reasonable suspicion to detain them after completing the original purpose of the investigatory detention; and (2) following the impermissible further delay and detention, the police lacked the necessary probable cause to perform the search of their persons or the motor vehicle.

[5] The court acquitted him of carrying a firearm without a license.

[6] On June 6, 2016, the trial court ordered Livingston to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After requesting multiple extensions of time, Livingston complied with the court's directive on October 12, 2016, and also filed an amended concise statement on the same day. He also filed a notice of intent to abandon "Issue E" from his amended concise statement on December 14, 2016. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on January 19, 2017.

safety concern that allowed them to immediately tow the car. Under [Section] 6309.2(a)(1), officers must wait 24 hours before conducting an inventory search of a vehicle if the driver does not have a valid license unless there is an overriding public-safety concern. 75 Pa.C.S.A. § 6309.2(a)(1). As the officers failed to follow this procedure, this Honorable Court must reverse the Trial Court's suppression ruling.

Livingston's Brief at 24.[7]

_____

[7] Section 6309.2 provides, in relevant part:

> (a) General rule. — Subject to subsection (d), the following shall apply:
>
> (1) If a person operates a motor vehicle or combination on a highway or trafficway of this Commonwealth while the person's operating privilege is suspended, revoked, canceled, recalled or disqualified or where the person is unlicensed, as verified by an appropriate law enforcement officer in cooperation with the department, the law enforcement officer shall immobilize the vehicle or combination or, in the interest of public safety, direct that the vehicle be towed and stored by the appropriate towing and storage agent pursuant to subsection (c), and the appropriate judicial authority shall be so notified.
>
> ...
>
> (b) Procedure upon immobilization.
>
> > (1) When a vehicle is immobilized pursuant to subsection (a)(1), the operator of the vehicle may appear before the appropriate judicial authority within 24 hours from the time the vehicle was immobilized. The appropriate judicial authority may issue a certificate of release upon:
> >
> > > (i) the furnishing of proof of registration and financial responsibility by the owner of the vehicle; and
> > >
> > > (ii) receipt of evidence that the operator of the vehicle has complied with the pertinent provisions of

A review of the record, particularly the joint motion to suppress and notes of testimony from the May 2, 2016, suppression hearing, reveal that Livingston did not preserve this claim. See Commonwealth v. Little, 903 A.2d 1269, 1272-1273 (Pa. Super. 2006) ("[A]ppellate review of an order denying suppression is limited to examination of the precise basis under which suppression initially was sought; no new theories of relief may be considered on appeal"); see also Commonwealth v. Thur, 906 A.2d 552, 566 (Pa. Super. 2006) ("[w]hen a defendant raises a suppression claim to the trial court and supports that claim with a particular argument or arguments, the defendant cannot then raise for the first time on appeal different arguments supporting suppression[]"). Rather, the suppression motion alleged: "The Motor Vehicle was legally parked in an open business and not on the roadway of the Commonwealth ... and the officers had no authority to remove Defendant from the vehicle and commence the towing of the vehicle from a private business." Defendant's Omnibus Pre-Trial Motion, 4/8/2016, at unnumbered 6, n.3. Co-defendant Withrow's counsel argued that the officers conducted the search based on a hunch and Livingston's counsel joined in the argument, emphasizing the officers had no reasonable suspicion of criminal

_____

> Title 42 (relating to judiciary and judicial procedure)
> and this title.

75 Pa.C.S. § 6309.2(a)(1), (b)(1).

activity. See N.T., 5/2/2016, 64-65, 66-68. Notably, neither attorney argued the police violated the 24-hour rule pursuant to Section 6309.2.[8] Accordingly, we find Livingston has waived this argument for appellate review purposes. Therefore, we need not address the claim further.

Next, Livingston argues there was insufficient evidence to support his firearms conviction because the Commonwealth failed to prove he had actual or constructive possession of the gun found in the center console of the car. Livingston's Brief at 16. He points to the following:

> Withrow drove the car, and the car was registered to Withrow's father. Withrow remained in the car and made suspicious movements towards its center console after Mr. Livingston had exited the vehicle. In addition to Withrow, four other passengers remained in the car after Mr. Livingston had exited. No officer saw the gun when Mr. Livingston was in the car, and there was no testimony that his DNA or fingerprints were on it. The gun was not found in an area where Mr. Livingston had exclusive control, and there was no testimony that any indicia of Mr. Livinston's was found in the car. The gun was not registered to Mr. Livingston.

Id. at 16 (record citations omitted). Moreover, Livingston alleges:

> [T]he Commonwealth did not establish, beyond a reasonable doubt, that Mr. Livingston had power and intent to control the gun that Officer Coll found on the center console of the car that Withrow was driving. The only relevant evidence that the Commonwealth put forth was that Mr. Livingston reached his left hand towards the center console of the car after Officer Coll woke him up. It is mere speculation to argue that Mr. Livingston moved his hand because he knew of a gun or wanted to control it.

---

[8] Furthermore, it merits mention the statute does not state that officers must wait 24 hours before conducting an inventory search. Rather, it provides the owner of the vehicle may appear before a judicial authority within 24 hours from the time the car was immobilized to seek release. See 75 Pa.C.S. § 6309.2(b)(1).

Indeed, neither police officer located the gun when Mr. Livingston was in the vehicle. Officer Coll even reached over Mr. Livingston and the center console to get the keys from the ignition and acknowledged that the interior light of the car likely came on when he opened the door, but he still did not see the gun when Mr. Livingston was in the car.

Id. at 18-19 (record citations omitted). Additionally, Livingston contends the "overwhelming evidence showed that Withrow controlled the gun and put it on the center console." Id.

We begin with our well-settled standard of review:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

Commonwealth v. Melvin, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

The crime of persons not to possess firearms is defined as follows:

A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in

- 8 -

subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105(a)(1).

When a prohibited item is not discovered on a defendant's person, or in his actual possession, as is the case here, the Commonwealth may prove the defendant had constructive possession of the item.

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.
>
> Commonwealth v. Brown, 48 A.3d 426, 430 (Pa. Super.2012), appeal denied, [] 63 A.3d 1243 (2013) (internal quotation marks and citation omitted). Additionally, it is possible for two people to have joint constructive possession of an item of contraband. Commonwealth v. Sanes, 955 A.2d 369, 373 (Pa. Super. 2008), appeal denied, 601 Pa. 696, 972 A.2d 521 (2009).

Commonwealth v. Hopkins, 67 A.3d 817, 820-821 (Pa. Super. 2013), appeal denied, 78 A.3d 1090 (Pa. 2013). "An intent to maintain a conscious dominion may be inferred from the totality of the circumstances, and circumstantial evidence may be used to establish a defendant's possession of drugs or contraband." Commonwealth v. Harvard, 64 A.3d 690, 699 (Pa. Super. 2013) (citation omitted), appeal denied, 77 A.3d 636 (Pa. 2013).

The trial court analyzed the claim as follows:

In this case, the Commonwealth proved beyond a reasonable doubt that [Livingston] possessed the firearm in question. Both men were in a deep sleep when the officers approached the Ford Escort. As soon as they were awakened by the officers, both men ignored the warnings of the police officers and made repeated furtive movements toward the center console of the Ford Escort. Mr. Livingston specifically ignored demands that he show his hands and not make any movements inside the vehicle. Despite these demands, he reached toward the center console. Mr. Withrow continued to reach toward the center console as he was being removed from the vehicle. The firearm was recovered within inches of where both men were sitting in the vehicle. Both men had the power and ability to control the firearm. Their repeated movements toward the location where the firearm was found proves their intent to maintain control over the firearm.

Trial Court Opinion, 1/19/2017, at 11.

We agree with the court's well-reasoned analysis. Furthermore, "the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." Commonwealth v. Hughes, 908 A.2d 924, 928 (Pa. Super. 2006).

Here, viewed in the light most favorable to the Commonwealth as the verdict winner, the evidence was sufficient to sustain the trial court's finding that Livingston constructively possessed the weapon. The gun, which was in plain view, was located on top of the center console that was between the driver's and front passenger's seats, where both Livingston and Withrow were sitting. See N.T., 5/2/2016, at 17. Furthermore, "it is possible for two people to have joint constructive possession of an item of contraband."

- 10 -

Commonwealth v. Kinard, 95 A.3d 279, 292 (Pa. Super. 2014). After being awoken by police, both men were observed making repeated furtive movements towards the center console area. See N.T., 5/2/2016, at 13. As such, the trial court, sitting as the fact-finder, could reasonably infer the firearm was well within Livingston's reach and he had the power and intent to control the gun.[9] See Hopkins, supra.

Lastly, to the extent Livingston argues there was no DNA evidence connecting him to the gun, we find this of no consequence based on the remaining circumstantial evidence. See Commonwealth v. Lopez, 57 A.3d 74, 80 (Pa. Super. 2012) (holding that the lack of forensic evidence was not fatal to the prosecution's case based on wholly circumstantial evidence), appeal denied, 62 A.3d 379 (Pa. 2013). Accordingly, we conclude there was sufficient evidence to enable the trial court to find Livingston constructively possessed a firearm. Therefore, Livingston is not entitled to relief with respect to his sufficiency challenge regarding the firearms conviction.

Judgment of sentence affirmed.

Judge Moulton joins the memorandum.

Justice Fitzgerald concurs in the result.

---

[9] See Commonwealth v. Flythe, 417 A.2d 633, 634 (Pa. Super. 1979) ("It strains the imagination to believe that defendant innocently entered this vehicle having no knowledge of the items found therein when, the pistol at least, was within a few inches of him and a portion of it was in plain view.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/19/2017</u>