**UNITED STATES of America,**
**Appellee,**

**v.**

**Harold W. HARRISON, Appellant.**

**No. 385, Docket 71–1977.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 12, 1971.

Decided Nov. 24, 1971.

Lloyd A. Hale, New York City, for appellant.

Joseph Ryan, Asst. U. S. Atty. (Robert A. Morse, U. S. Atty. for the Eastern District of New York), for appellee.

Before KAUFMAN and MANSFIELD, Circuit Judges, and LEVET, District Judge.*

PER CURIAM:

This is an appeal from a judgment of the United States District Court for the Eastern District of New York entered on September 17, 1971. After a trial without a jury, the Court found the defendant guilty on all four counts of wilfully and knowingly failing to make income tax returns for the calendar years 1963–1966, in violation of 26 U.S.C. § 7203. Defendant appeals from this judgment. We reverse and remand for proceedings consistent with this opinion.

There is only one issue that need be considered in this reversal and that is the violation of defendant's constitutional right to counsel in a criminal prosecution.

Defendant Harrison appeared *pro se*, waived a jury trial and appeared in the trial court without counsel. The trial lasted two hours and consisted of only 66 pages of trial transcript, 31 pages of which were devoted to testimony of prosecution's three witnesses. A sizable portion of the remaining trial transcript contained conversations between the Court and the Assistant United States Attorney. Defendant's *pro se* efforts at cross-examination were totally inadequate and his attempt to make a motion at the close of prosecution's case was feeble. He made no pretrial motions at trial, offered no evidence and made neither an opening nor a closing for his case. It is obvious from the record that defendant, although an attorney, had little knowledge of either the procedures or means of defense. After defendant's motions to dismiss and for judgment of acquittal were denied, the trial judge acknowledged the helpless plight of the defendant and said to him, "Sit down and think about it for about ten minutes; then let me know what you are going to do next." (Trial Record I at 61.) Harrison put in no defense and was found guilty. Later when defendant was being sentenced, the trial judge again expressed his doubts as to defendant's *pro se* defense: "I considered it was somewhat unusual in some aspects and it was a startling case, startling in the procedure which you adopted and followed." (Trial Record II at 10.)

The Sixth Amendment provides that in all criminal prosecutions the accused shall enjoy the right to have the assistance of counsel. This has been interpreted by case law and the federal rules to mean at every stage of the proceedings. See, e. g., Von Moltke v. Gillies, 332 U.S. 708, 723–724, 68 S.Ct. 316, 92 L.Ed. 309 (1968); United States v. Plattner, 330 F.2d 271, 274 (2d Cir. 1964); Schell v. United States, 423 F.2d 101 (7th Cir. 1970); Rule 44, Fed.R. Crim.Proc.

The only way this essential right to counsel can be waived is by giving specific instructions to the accused informing him of his rights and then by having the accused make an intelligent waiver of such rights. Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); Miranda v. Arizona, 384 U.S. 436, 470–471, 475, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); United States v. Curtiss, 330 F.2d 278, 279–280 (2d Cir. 1964).

Here the record fails to show any advice to or inquiry of appellant on the date of trial or shortly before it by the trial judge on the subject of his right to be defended by counsel at trial

---

* United States District Judge for the Southern District of New York, sitting by designation.

or any finding that appellant made a knowing and intelligent waiver of that right. The fact that appellant is an attorney does not necessarily mean that he is capable of adequately defending himself. The mere statement by the appellant in response to the trial judge's questions (six months after trial at the time of sentencing) that he was a member of the bar since 1943 and was reasonably familiar with criminal law (Trial Record II at 7–8) is not sufficient to constitute a waiver of his Sixth Amendment right to counsel at trial. See Glasser v. United States, 315 U.S. 60, 70–71, 62 S.Ct. 457, 86 L.Ed. 680 (1942).[1]

It appears that the trial court was well aware of defendant's inability to adequately defend himself without the assistance of counsel. Appellant's constitutional guarantees cannot be discarded so easily.

Reversed and remanded for retrial.

---

[1]. Despite the appellee's non-compliance with the order of this Court fixing the date for the filing of its brief, we have nevertheless examined and considered its brief dated 11/22/71.