Commonwealth *v.* Cohen, Appellant.

Argued December 8, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, SPAULDING, and CERCONE, JJ. (HOFFMAN, J., absent).

*W. Bradley Ward,* with him *Abraham L. Shapiro,* and *Schnader, Harrison, Segal & Lewis,* for appellant.

*James D. Crawford,* Deputy District Attorney, with him *Martin H. Belsky* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., March 24, 1972:

These appeals by Sylvan M. Cohen are companion to that of the case of *Commonwealth v. National Land and Investment Company,* 221 Pa. Superior Ct. 144, 289 A. 2d 101 (1972). Cohen, officer of National Land and Investment Company, was also indicted on charges recommended by the April 1969, Investigating Grand Jury impaneled on petition of the District Attorney of Philadelphia to investigate, inter alia, the 1500 Market Street Project in that City.[1] The indictments against Cohen consisted of two charges of false pretense and two charges of false financial statements based on the same December 20, 1968 and January 30, 1969, transactions

---

[1] As more fully set forth in our decision in the *National Land and Investment* case.

which constituted the basis of the recommendations and indictments against National Land and Investment Company. In addition, Cohen was indicted, pursuant to the investigating grand jury's recommendation, of the crime of conspiring with Stephen Altman,[2] another company officer, to cheat and defraud the Redevelopment Authority and owners of real estate in the 1500 Market Street Project.

Cohen moved to quash the indictments brought against him and to suppress the use of his testimony before the investigating grand jury. These motions were based on the contention, inter alia, that his testimony before the investigating grand jury was tainted by the failure of the court supervising the investigation to advise him of his Fifth Amendment privilege to remain silent in the face of incriminating questions and of his Sixth Amendment privilege to have the advice of counsel. The lower court did not agree and refused to quash the indictments. It certified as appropriate for appeal to this court under Section 501 of the Appellate Court Jurisdiction Act of 1970, 17 P.S. Section 211.501, that part of its order dealing with the admissibility of appellant's testimony before the grand jury and the denial of a motion to quash because of that admissibility. However, appellant Sylvan M. Cohen has not so limited his appeals to this court, but has also presented to us the argument that the indictment based on the investigating grand jury's recommendation improperly denied him his right to a preliminary hearing because the recommendations of the investigating grand jury were beyond the scope of its authority.

With respect to the issue certified to us on appeal as to this individual appellant Sylvan Cohen, there was a violation of his constitutional rights in the pre-

---

[2] Altman's motion to quash his indictment was granted by the court below.

sentation of his testimony before the investigating grand jury, which violation invalidated that testimony and prevented its use as the basis for the indicting grand jury's finding of a true bill against him. The issue certified to us for a ruling is stated by the lower court in its certification to be: ". . . the failure of the judge supervising the investigating grand jury to specifically instruct the defendant that should a problem arise while he is being interrogated or should he be doubtful as to whether he can properly refuse to answer a particular question, he can come before the Court accompanied by counsel and obtain a ruling as to whether he should answer the question." It is our determination that appellant was entitled to such instructions and that he had not waived his right to them.

In *Commonwealth v. Kilgallen,* 379 Pa. 315, 108 A. 2d 780 (1954), it was held that where a witness appeared before the grand jury, testified under judicial compulsion in violation of his rights pursuant to the Fifth Amendment and Article I, Section 9 of the Pennsylvania Constitution against self-incrimination, his indictment should be quashed. Mr. Justice CHIDSEY there stated: "*. . . we know of no case in this jurisdiction that denies the right to challenge the validity of an indictment on the ground of violation of the accused's constitutional rights here asserted*—and so challenge successfully upon proper and sufficient proof." (pp. 325-26) (Emphasis supplied.)

The *Kilgallen* decision was found to be "still valid" in *Commonwealth v. McCloskey,* 443 Pa. 117, 277 A. 2d 764 (1971), which held that a witness before this very same April 1969 Investigating Grand Jury was entitled to instructions as to his right against self-incrimination and advice of counsel as follows (p. 120) : "*. . . we do believe that a witness should receive a warning by the*

*court in charge of the investigating grand jury that if the witness is confused or believes his answer might be incriminating, he may come before the court accompanied by counsel and be advised of his rights.* This procedure was not followed with reference to certain of the individual appellees now before us. Accordingly, those indictments *in any way* based upon a defendant's own testimony given without this warning and in violation of his right against self-incrimination must be quashed." (Emphasis supplied.) The court reasoned: ". . . in In re Groban's Petition, supra, the Supreme Court also stressed that a witness before a grand jury is always protected by the privilege against self-incrimination, '. . . a privilege available *in investigations as well as in prosecutions.*' Id. at 333, 77 S. Ct. at 513 (emphasis added) . . . In seeking to balance society's interest in the grand jury's freedom of orderly inquiry and a witness's right to exercise his privilege against self-incrimination knowingly and intelligently, *we believe that proper procedure is for the court supervising the investigating grand jury to instruct a witness when administering the oath that while he may consult with counsel prior to and after his appearance, he cannot consult with counsel while he is giving testimony. However, the witness should also be informed that should a problem arise while he is being interrogated, or should he be doubtful as to whether he can properly refuse to answer a particular question, the witness can come before the court accompanied by counsel and obtain a ruling as to whether he should answer the question.* (Emphasis supplied.)

"Such a warning gives full recognition to the delicate position of a witness before an investigating grand jury. He has been summoned to testify, and he is subject to contempt proceedings should he refuse to testify without justification. The question of when a witness

has 'reasonable cause to apprehend danger' and hence can exercise his right against self-incrimination is not always clear.

"Determining what is an incriminating statement is not always clear to a layman. *We thus conclude that a subpoenaed witness who has given testimony before an investigating grand jury without the above warning has been denied his right against self-incrimination.*" (Emphasis supplied.) The fact that appellant is an attorney did not obviate the necessity for the requisite warnings and instructions. The language of the United States Supreme Court in *Miranda v. Arizona,* 384 U.S. 436 (1966), makes clear that circumstantial evidence of the accused's knowledge of his rights based on his intelligence and education cannot take the place of the actual instruction as to his privileges. The court there stated: "The Fifth Amendment privilege is so fundamental to our system of constitutional rule and the expedient of giving an adequate warning as to the availability of the privilege so simple, we will not pause to inquire in individual cases whether the defendant was aware of his rights without a warning being given. Assessments of the knowledge the defendant possessed, based on information as to his age, education, intelligence, or prior contact with authorities, can never be more than speculation; a warning is a clearcut fact. More important, *whatever the background of the person interrogated,* a warning at the time of interrogation is indispensable to overcome its pressures and to insure that the individual knows he is free to exercise the privilege at that point in time." (Emphasis supplied.)

The court in *Miranda* was also clear as to the duty to advise an accused of his right to counsel regardless of circumstances indicating his knowledge of such right, saying at pages 471-472: "Accordingly we hold that an individual held for interrogation must be clearly in-

formed that he has the right to consult with a lawyer. . . . As with the warnings of the right to remain silent and that anything stated can be used in evidence against him, this warning is an absolute prerequisite to interrogation. No amount of circumstantial evidence that the person may have been aware of this right will suffice to stand in its stead. Only through such a warning is there ascertainable assurance that the accused was aware of this right."

In *United States v. Harrison,* 451 F. 2d 1013 (2d Cir. 1971), the court in a per curiam opinion held that the rights of the appellant, an attorney, had been violated by the court's failure to instruct him of his constitutional rights, saying: "Here the record fails to show any advice to or inquiry of appellant on the date of trial or shortly before it by the trial judge on the subject of his right to be defended by counsel at trial or any finding that appellant made a knowing and intelligent waiver of that right. The fact that appellant is an attorney does not necessarily mean that he is capable of adequately defending himself. The mere statement by the appellant in response to the trial judge's questions (*six months after trial* at the time of sentencing) that he was a member of the bar since 1943 and was reasonably familiar with criminal law (Trial Record II at 7-8) is not sufficient to constitute a waiver of his Sixth Amendment right to counsel at trial. See Glasser v. United States, 315 U.S. 60, 70-71 (1942)."

It is not unreasonable to require that any necessary instructions be given to an attorney, for not all attorneys are familiar with criminal law and the constitutional rights afforded thereby.

The Commonwealth argues that the *McCloskey* instructions are not based on the *Miranda* case, supra, and *Escobedo v. Illinois,* 378 U.S. 478 (1964), and

therefore the *McCloskey* decision should be interpreted by its own limiting statement above quoted as applying to a "layman" and this excludes an attorney from availing himself of the rights there stated to exist as to all other witnesses. We can find no reason for so distinguishing between the necessity of the *McCloskey* instructions and the *Miranda* and *Escobedo* warnings. To hold the *McCloskey* instructions need not be given to an attorney while the *Miranda* and *Escobedo* warnings are required to be, is to make a distinction without basis. Nor can we agree with the Commonwealth's contention that the *McCloskey* decision is not controlling, having been handed down after appellant had appeared as a witness before the investigating grand jury. The Commonwealth claims that reliance on the *McCloskey* decision would be to give improper retroactive effect. We cannot agree. The *McCloskey* decision determined the rights of witnesses before the same April 1969 investigating grand jury. It would be unfair and without logic to deny this appellant the same rights merely because at the time he testified the decision affirming those rights on appeal by a similarly situated party had not yet been finally determined by the appellate courts.

The court below indicated it was of the opinion that the lack of instructions was immaterial in that defendant had knowingly exercised the rights that would have been covered by the instructions. The court below placed reliance on the fact that appellant at one time during his testimony before the investigating grand jury hesitated implicating a third party by his answer and thereupon the District Attorney went to the court for a ruling. We do not agree that such conduct can be availed of as proof of defendant's knowledge of his rights because (1) as above shown, circumstantial proof cannot take the place of specific instruc-

tions; (2) his hesitancy to implicate others bore no relation to and had no effect on his conception of his right against self-incrimination; and (3) at the time appellant hesitated implicating a third party he was without knowledge that he was no longer a mere witness but had become a subject of investigation though not named as such in the petition. Nor can such conduct by appellant be construed as a waiver of his right to the necessary instructions. As stated by the Court of Appeals in *United States v. Harrison,* supra: "The only way this essential right to counsel can be waived is by giving *specific* instructions to the accused informing him of his rights and then by having the accused make an intelligent waiver of such rights. Carnley v. Cochran, 369 U.S. 506, 516 (1962); Miranda v. Arizona, 384 U.S. 436, 470-471, 475 (1966); United States v. Curtiss, 330 F. 2d 278, 279-280 (2d Cir. 1964)." (Emphasis supplied.)

We therefore conclude that appellant's testimony was received in violation of his constitutional rights and could not serve, as the record reveals it did, as the basis, in whole or in part, of any of the indictments entered against him. Those indictments, therefore, cannot stand.

For the reasons stated in this opinion the orders of the court below are reversed and the indictments entered at Nos. 2887-2891, inclusive, October Term, 1969, in the Court of Common Pleas of Philadelphia, Trial Division, are hereby ordered quashed.

SPAULDING, J., joins in this opinion.

WATKINS, MONTGOMERY, and JACOBS, JJ., concur in the result.

WRIGHT, P. J., would affirm the order below.

HOFFMAN, J., took no part in the consideration or decision of this case.