421 A.2d 1174
**COMMONWEALTH of Pennsylvania,**

v.

**Kevin CHRISTMAS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1980.

Filed Sept. 5, 1980.

Petition for Allowance of Appeal Granted March 11, 1981.

116

John W. Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, BROSKY and VAN der VOORT, JJ.

SPAETH, Judge:

Appellant, a juvenile, was tried as an adult by a judge sitting without a jury, and was convicted of possession of heroin with the intent to deliver. Post–verdict motions were denied and appellant was sentenced to one to seven years imprisonment. On this appeal he argues that the lower court erred in refusing to grant his motion to suppress a statement he made to the police after his arrest.[1]

Appellant was arrested on August 1, 1978, at approximately 8:00 p. m., when he was discovered in possession of a large quantity of heroin. Appellant was taken to the local police district building, and then to the narcotics unit at the Philadelphia Police Administration Building. One of the officers at the narcotics unit recognized appellant and informed the arresting officer that appellant was only seventeen years old and that his father was a police officer. Appellant's father was called, and he arrived at the Police Administration Building approximately one hour later. One of the officers told the father the circumstances of appellant's arrest and the amount of heroin involved. Appellant's father spoke to appellant for approximately fifteen minutes and then indicated to the officers that appellant wished to make a statement. Appellant was informed of his *Miranda*[2] rights, waived them in the presence of his father, and then made the statement he later sought to have suppressed.

A defendant's waiver of his rights under *Miranda* will not be presumed but must be explicit, *see Commonwealth v. Bussey*, 486 Pa. 221, 404 A.2d 1309 (1979), and the Commonwealth bears the burden of proving that the waiver was intelligent, *Commonwealth v. Smith*, 472 Pa. 492, 502, 372 A.2d 797, 802 (1977); *Commonwealth v. Boone*, 467 Pa.

1. Appellant's other argument, that the lower court erred in refusing to grant his motion to suppress the heroin as a product of an illegal search, is clearly without merit and will not be discussed except to note that the facts of the search in this case differ very little from those presented in this court's en banc decision in *Commonwealth v. Thomas*, 254 Pa.Super. 505, 386 A.2d 64 (1978).

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

168, 354 A.2d 898 (1975). When the defendant is a juvenile, the Commonwealth will have met its burden of proving an intelligent waiver "only when it has been shown that the minor *comprehended* the full significance of the panoply of rights that protects him during custodial interrogation." *Commonwealth v. Smith, supra*, 472 Pa. at 496, 372 A.2d at 799 (emphasis in original). Our Supreme Court has adopted a *per se* rule that a finding may not be made that the Commonwealth has shown that the juvenile comprehended his rights unless the Commonwealth proves that before making his statement, the juvenile was given an opportunity to consult with an interested and informed adult concerning his rights.[2a] *See, e. g., Commonwealth v. Barnes*, 482 Pa. 555, 394 A.2d 461 (1978); *Commonwealth v. Walker*, 477 Pa. 370, 383 A.2d 1253 (1978); *Commonwealth v. Chaney*, 465 Pa. 407, 350 A.2d 829 (1975); *Commonwealth v. Starkes*, 461 Pa. 178, 335 A.2d 698 (1975); *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975). This *per se* rule requires that the following procedure be followed after the arrest of a juvenile. First, the police must secure the presence of an interested adult. Second, they must inform this interested adult of the juvenile's situation and of the juvenile's constitutional rights. Third, they must permit the juvenile to consult with the adult concerning these rights. It is only after this procedure has been followed that the Commonwealth may obtain an intelligent waiver of rights by the juvenile.

In the present case appellant argues that the Commonwealth failed to comply with the *per se* rule because his father was neither an interested nor an informed adult.

**2a.** In *Fare v. Michael C.*, 442 U.S. 707, 99 S.Ct. 2560, 61 L.Ed.2d 197 (1979), the Supreme Court of the United States held that the federal Constitution does not require that a *per se* rule be applied in deciding whether a juvenile's waiver of his *Miranda* rights was intelligent. However, nothing suggests that our Supreme Court will not continue to apply the *per se* rule as a matter of state law. *See Commonwealth v. Thomas, infra*, filed after *Fair v. Michael C., supra; Commonwealth v. Bussey, supra* (waiver of *Miranda* rights must be explicit as a matter of state law despite the fact that this view has been rejected by the Supreme Court of the United States).

In arguing that his father failed to qualify as an interested adult, appellant points to the facts that his father was a police officer and a friend of one of the investigating officers as evidence that his father's interest was not so much to ensure that appellant understood his rights as to advance the police investigation. In support of this argument appellant cites *Commonwealth v. Thomas*, 486 Pa. 568, 406 A.2d 1037 (1979), where the Supreme Court held that a prison counselor did not qualify as an interested adult.

An important difference between *Thomas* and the present case is that in *Thomas* the prison counselor was not related to the juvenile. We appreciate the difficult position in which a police officer parent may be placed; his child's refusal to cooperate may cause the officer to be regarded unfavorably by his superiors and fellow officers, and the fear of being so regarded may color the officer's discussion with his child. Also, we recognize that if the *per se* rule is to be complied with, a police officer parent confronted with his child's arrest must not act as a police officer but as a parent; the interests of the juvenile, and his rights as a suspect, are paramount, and the consultation required under the *per se* rule should not be used to pursue the police investigation but only to discuss with the juvenile his rights and possible courses of action. Nevertheless, we are not persuaded that we should accept as valid the general proposition that a police officer may never qualify as an interested adult, for we believe that parental love may be so strong that despite his difficult position, a police officer parent may be able to keep his child's interests paramount. If he does not, he may not qualify as an interested adult, despite his status as a parent. *See Commonwealth v. Wade*, 485 Pa. 453, 471–74, 402 A.2d 1360, 1369–70 (1979) (NIX, J., concurring) (hostility of father toward son); *Commonwealth v. Smith, supra*, (father's indifference to son).

Here, appellant argues that his father did not keep his interests paramount. There is perhaps some indication that the father may have been as much interested in consulting with appellant concerning the source of the heroin as

ensuring that appellant understood his rights and possible courses of action.[3] However, we need not decide whether the father's interest as a police officer defeated his interest as a parent but instead may assume that it did not, and that he did qualify as an interested adult, for with this assumption, it is nevertheless apparent that the Commonwealth failed to prove that he was an informed adult.

As stated above, under the *per se* rule the Commonwealth must show that the police informed the interested adult of the juvenile's situation and of the juvenile's constitutional rights, before the consultation between the juvenile and the adult. *Commonwealth v. Smith, supra; Commonwealth v. Starkes, supra.* Here, the police informed appellant's father of appellant's situation; the Commonwealth and the lower court admit, however, that the police did not inform appellant's father of appellant's constitutional rights before the consultation.

The Commonwealth argues, and the lower court found, that the father need not have been informed, because it may be presumed that as a police officer, he was already fully aware of appellant's rights as a suspect. We are not at liberty to adopt this presumption. "[T]he police are not expected to be learned in the law," *Commonwealth v. McKinney*, 453 Pa. 10, 15, 306 A.2d 305, 307 (1963). Just as we may not presume that a defendant's past involvement with the criminal justice system has made him aware of his rights, *see Commonwealth v. Greene*, 483 Pa. 195, 394 A.2d 978 (1978) (defendant's past jury trial did not make him aware of elements of right to trial by jury), so too we may not presume awareness on the part of a police officer merely

---

**3.** For example, one officer testified concerning his preliminary discussions with the father as follows:

Q. While you were talking to the father, what did you say to the father about whether or not he felt his son should give a statement or what he felt the facts of the case was?

A. Well, I informed him that he was found with a large quantity and he was only 17 years old, *and that it would be best for him to get,* you know, *to try to find out* since he was only 17 years old, and was caught with 744 bags of heroin.

N.T., First Day of Suppression Hearing, at p. 31 (emphasis added).

because of his own involvement with the criminal justice system. *And see Commonwealth v. Dixon*, 475 Pa. 365, 380 A.2d 765 (1977) (even though defendant was once warned of his rights, he may have to be rewarned). Even where the defendant is an attorney it has been held that his background affords no basis for presuming an awareness of his constitutional rights sufficient to support a finding that there was an intelligent waiver. *See United States v. Harrison*, 451 F.2d 1013 (2d Cir. 1971); *Commonwealth v. Cohen*, 221 Pa.Super. 244, 289 A.2d 96 (1972). If an attorney who has been charged with an offense may not be presumed to be aware of the constitutional rights of an accused, plainly, neither may a police officer.[4]

It may be that the failure of the police to inform the adult of the juvenile's rights will not be decisive; perhaps the Commonwealth will have met its burden if the record clearly demonstrates that the adult was informed of these rights by someone else. *See Commonwealth v. Webster*, 466 Pa. 314, 328, 353 A.2d 372, 379 (1976) (mother not informed by police; "[n]or is there any basis to assume that the mother may have gained this information from another source."). However, there is no such demonstration here, and we have found no case where a police officer, or any other parent for that matter, has been presumed, because of his or her position or background, to have been aware of the juvenile's

4. In ruling that the attorney defendant could not be presumed to have been aware of his rights before the grand jury, this court in *Commonwealth v. Cohen, supra*, relied upon the following statement by the United States Supreme Court in *Miranda*: "Accordingly, we hold that an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer.... As with the warnings of the right to remain silent and that anything stated can be used in evidence against him, this warning is an absolute prerequisite to interrogation. No amount of circumstantial evidence that the person may have been aware of this right will suffice in its stead. Only through such a warning is there ascertainable assurance that the accused was aware of this right." 384 U.S. at 471–72, 86 S.Ct. at 1626. Given this statement and our decision in *Cohen*, the *dictum* in *Commonwealth v. Schwartz*, 210 Pa.Super. 360, 379, 233 A.2d 904, 913 (1967), that "[u]ndoubtedly [the defendant magistrate], who had presided in hundreds of criminal arraignments and hearings, knew that he had the right to counsel and the right to remain silent," cannot be accepted as accurate.

rights. In fact, our refusal to adopt such a presumption in this case is clearly supported by the Supreme Court's decision in *Commonwealth v. Graver*, 473 Pa. 473, 375 A.2d 339 (1977). There, both a mother and her son were suspects. However, the son's confession was held inadmissible, despite the fact that he had spent time with his mother, because, although the record apparently indicated ·that the mother had been informed of her rights, it did not also demonstrate that she "was informed of the rights available to her son." *Id.*, 473 Pa. at 476, 375 A.2d at 340.

The order of the lower court refusing to suppress appellant's post–arrest statement is reversed and the case is remanded ʹfor a new trial consistent with this opinion.

VAN der VOORT, J., files a dissenting opinion.

VAN der VOORT, Judge, dissenting:

I respectfully dissent, and would affirm the decision of the court below. In my judgment, the juvenile's parent in this case is an interested and concerned adult and competent to discuss whether or not the defendant should make a statement about the son's criminal conduct. Especially is this so when there is no showing of any hostile relationship between the father and the son.