465 A.2d 989

COMMONWEALTH of Pennsylvania, Appellant,

v.

Kevin CHRISTMAS, Appellee.

Supreme Court of Pennsylvania.

Argued April 21, 1983.

Decided Sept. 26, 1983.

Eric B. Henson, Deputy Dist. Atty., Kenneth S. Galant, Asst. Dist. Atty., Philadelphia, for appellant.

John W. Packel, Chief, Appeals Div., Karl Baker, Philadelphia, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

In the Court of Common Pleas of Philadelphia, the appellee, Kevin Christmas, was convicted of possession of a controlled substance with intent to deliver. Judgment of sentence was set at one to seven years imprisonment. The Superior Court reversed and ordered the case remanded for a new trial[1], on grounds that an inculpatory statement given by appellee should have been suppressed. We granted the Commonwealth's Petition for Allowance of Appeal.

At the time of his arrest, appellee was approximately 17 years and 8 months of age. When appellee was transported to a police station, after having been arrested for being in possession of 744 packets of heroin, he was recognized by one of the officers on duty as the juvenile son of another police officer. Mr. Christmas, appellee's father, was immediately contacted, and, a short time later he arrived at the station, whereupon he conferred with his son, in private, for approximately 15 minutes. Next, Mr. Christmas emerged from the meeting and told the arresting officers that appellee wished to make a statement. In the presence of his father, appellee was then informed of his constitutional rights, waived them, and gave an inculpatory statement. A pre-trial motion to suppress the statement was denied, and the confession was admitted into evidence during trial. The sole issue on appeal is whether appellee's statement should have been suppressed under the rule of *Commonwealth v.*

1. *Commonwealth v. Christmas*, 281 Pa.Super. 114, 421 A.2d 1174 (1980).

*McCutchen,* 463 Pa. 90, 343 A.2d 669 (1975), on the narrow basis that the record fails to show that appellee's father was informed of appellee's constitutional rights.

In *McCutchen,*[2] this Court adopted a *per se* rule that no person under the age of eighteen years could effectively waive his constitutional rights to remain silent and to have the assistance of counsel without first being accorded an opportunity to consult with an adult who is interested in that juvenile's welfare, and who has been informed of the accused's rights. *Commonwealth v. Riggs,* 465 Pa. 208, 348 A.2d 429 (1975). These safeguards were adopted in recognition of the immaturity, lack of understanding, and susceptibility to influence, of youth. As stated in *Commonwealth v. Smith,* 472 Pa. 492, 498–499, 372 A.2d 797, 800 (1977) (footnote omitted),

> The [McCutchen] rule appreciates that the inexperience of the minor affects not only his or her ability to understand the full implication and consequences of the predicament but also renders the judgment inadequate to assess the spectrum of considerations encompassed in the waiver decision. It was therefore reasoned that the impediment of immaturity can only be overcome where the record establishes that the youth had access to the advice of an attorney, parent, or other interested adult and that the consulted adult was informed as to the constitutional rights available to the minor and aware of the consequences that might follow the election to be made.

Further, in *Commonwealth v. Thomas,* 486 Pa. 568, 571, 406 A.2d 1037, 1038 (1979) (footnote omitted), we stated,

> This Court's "interested adult" cases rest upon a concern that juvenile immaturity may preclude self-protection from overbearing police interrogation. The rule intends that overbearance may be avoided by consultation, with individuals such as a "lawyer, adult relative or friend," who can provide a juvenile with "the protection which his

2. See also *Commonwealth v. Roane,* 459 Pa. 389, 329 A.2d 286 (1974).

own immaturity could not." *Gallegos v. Colorado,* 370 U.S. 49, 54, 82 S.Ct. 1209, 1213, 8 L.Ed.2d 325 (1962). Thus, juvenile defendants are not, in the usual case, on a par with adults with respect to adequacy of their judgment, knowledge of the consequences of their admissions, and ability to resist overbearing police interrogation.

■ Due process requires that a waiver of constitutional rights by an accused youth be effective only when it has been shown by the Commonwealth that the youth in fact comprehended his situation and understood the full significance of the panoply of rights that offer protection during custodial interrogation. *Commonwealth v. Smith,* 472 Pa. at 496–497, 372 A.2d at 799. Prior to promulgation of the *per se* requirement that juveniles have an opportunity to consult with an informed and interested adult prior to waiving their rights, the fact of their youth was considered as one factor relevant to the determination of whether, under the totality of circumstances accompanying issuance of incriminating statements, waivers of those rights were in fact knowing and voluntary. *Commonwealth v. Fogan,* 449 Pa. 552, 296 A.2d 755 (1972); *Commonwealth v. Darden,* 441 Pa. 41, 271 A.2d 257 (1970). Subsequent adoption of the *per se* requirement rested upon the view that, "[b]ecause of the unique disadvantage in the custodial interrogation process of the youthful accused due to his immaturity, . . . merely a consideration of the fact of youth in the totality of the circumstances formulation . . . was inadequate to insure that a juvenile's waiver was indeed a knowing one." *Commonwealth v. Smith,* 472 Pa. at 497–498, 372 A.2d at 800 (footnote omitted).

In rejecting the totality of circumstances formulation in favor of the *per se* rule, this Court's decisions in *McCutchen* and its progeny have been subject to question as supporting a prophylactic rule of evidence, designed to assure adherence to rote procedures by police interrogators, but resulting in the exclusion from evidence of juvenile confessions that

were in fact knowingly and voluntarily given.[3] Indeed, upon re-examination of the *per se* rule promulgated by *McCutchen,* we believe that protection of juveniles against the innate disadvantages associated with the immaturity of most youth may well be achieved in a manner that affords more adequate weight to the interests of society, and of justice, while avoiding *per se* applications of the interested and informed adult rule that serve, in an overly protective and unreasonably paternalistic fashion, to provide means for juvenile offenders to secure suppression of confessions in fact given in a knowing, intelligent, and voluntary manner.

■ The requisite measure of protection against admission of confessions derived as a result of the immaturity and inexperience of youth may be preserved through adherence to a presumption. Thus, we presume that a juvenile is incompetent to waive his rights without opportunity for consultation with an informed and interested adult; this presumption must be tested against the totality of circumstances surrounding a given waiver to determine whether the particular juvenile might in fact be competent to waive his rights without such opportunity. Thus, the *McCutchen* rule, requiring *per se* suppression of every statement obtained without there having been an opportunity for such consultation, is overruled. In its place, there shall exist a *presumption* that a statement derived in the absence of such an opportunity for consultation is inadmissible, but that presumption shall be regarded as rebutted where the evidence *clearly demonstrates* that the juvenile was in fact competent to make a knowing, intelligent and voluntary waiver of his rights. Hence, while the presumption of inadmissibility will serve to protect the juvenile defendant, who, in the *usual* case, is likely to be disadvantaged by his youth, consideration will no longer be foreclosed with respect to the totality of circumstances present in a particular case that may render the juvenile's waiver of rights a

**3.** See generally *Commonwealth v. Veltre,* 492 Pa. 237, 424 A.2d 486 (1980) (Opinion in Support of Affirmance); *Commonwealth v. Nelson,* 488 Pa. 148, 153, 411 A.2d 740, 742 (1980) (Opinion in Support of Reversal).

knowing and voluntary one. Such circumstances include the manner in which the juvenile was treated by police authorities, as well as the juvenile's age, experience, background, intelligence, capacities, and prior record. See *Fare v. Michael C.,* 442 U.S. 707, 725, 99 S.Ct. 2560, 2571–72, 61 L.Ed.2d 197, 212–213 (1979).

 Applying this analysis to the present case, it is clear that the presumption of inadmissibility of appellee's confession, arising because the record fails to establish that appellee's father was advised of an accused's constitutional rights prior to consulting with appellee[4], is rebutted by the existence of circumstances which clearly demonstrate that the appellee was fully competent to understand, and in fact did understand his rights, and knowingly, intelligently, and voluntarily waived them. At the time of his arrest, appellee was just four months under the age of eighteen years. Appellee had extensive experience with the criminal justice system, having been arrested on seventeen previous occasions and adjudicated delinquent on three different occasions, and having been committed to two separate youth detention facilities as well as serving "intensive" probation. Indeed, appellee was a veteran arrestee and a seasoned delinquent, not a naive and inexperienced youth needing the advice of an interested and informed adult to deal with a legal situation with which he was unfamiliar, or which he did not understand. Appellee did, nevertheless, confer with his father, an experienced police officer. In the presence of his father, appellee was then informed of his constitutional rights, waived them, and gave an inculpatory statement. The evidence also shows that appellee's physical condition was normal and that appellee was not subjected to physical or psychological abuse, and that no threats or promises were utilized to induce his confession. Further, appellee's reasonable requests, such as the use of restroom facilities, were granted. Given these circumstances, the record clearly dem-

---

4. Ironically, appellee's father is a police officer with many years of experience, required by the nature of his employment to be always prepared to inform arrestees of their constitutional rights.

onstrates that appellee's confession was knowingly, intelligently, and voluntarily made.

Order of Superior Court reversed, and judgment of sentence reinstated.

LARSEN, J., files a concurring opinion in which McDERMOTT, J., joins.

HUTCHINSON, J., files a concurring opinion in which McDERMOTT, J., joins.

LARSEN, Justice, concurring.

I concur with the majority in overruling the paternalistic and unnecessarily protective *per se* rule promulgated in *Commonwealth v. McCutchen,* 463 Pa. 90, 343 A.2d 669 (1975). However, I write separately because I cannot agree with the majority's announced adoption of a so-called "presumption" to replace the rejected *McCutchen per se* rule.

To say that we now create a presumption that a juvenile is incompetent to waive his constitutional rights without first having an opportunity for consultation with an interested and informed adult, but that this newly created presumption shall be rebutted by evidence which clearly demonstrates a knowing, intelligent and voluntary waiver by the minor is to confuse and muddle the analysis. Strictly speaking, a presumption is a procedural device which not only permits an inference of the presumed fact, but also operates to shift the burden of producing evidence to the party upon whom the burden does not normally rest. *See: McCormick's Handbook of the Law of Evidence* § 342 (2nd Ed. E. Cleary, 1972). Also *see: Commonwealth v. DiFrancesco,* 458 Pa. 188, 193 n. 3, 329 A.2d 204, 208 n. 3 (1974). If what is characterized as a presumption merely places the burden of producing evidence upon the party who normally has that burden, then calling this procedural step a presumption will have a tendency to create confusion. The Commonwealth always has the burden of producing evidence to show that a juvenile made a knowing, intelligent and voluntary waiver of his constitutional rights. The so-called presumption an-

nounced by the majority is not a presumption at all since it merely establishes that the Commonwealth has its usual burden of proving a knowing, intelligent and voluntary waiver on the part of a juvenile.

The *per se* rule which today we reject sacrifices too much of the interests of justice. Experience favors a more flexible approach which will reflect a concern for the interests of society as well as the rights of juvenile defendants. *Commonwealth v. Veltre*, 492 Pa. at 243, 424 A.2d 486 (Larsen, J., Opinion is Support of Affirmance). *See: Commonwealth v. Nelson*, 488 Pa. 148, 411 A.2d 740 (1980) (Larsen, J., Opinion in Support of Reversal).

In overruling the *per se* rule of *McCutchen*, I would hold that a totality of circumstances analysis must be applied in determining the validity of a minor's waiver of rights. Among the circumstances which are part of the total circumstances to be considered are the minor's age and experience, and the juvenile's need and opportunity to consult with an interested and informed adult.

Applying the totality of circumstances analysis to the present case, the appellee Christmas was four months shy of eighteen years of age. He had extensive experience with the criminal judicial system. Appellee had been arrested at least sixteen times previous to his arrest in this case. His record included commitments to two separate youth detention facilities as well as serving "intensive" probation. The evidence clearly demonstrates that the appellee was not a naive, inexperienced youth who suddenly found himself caught up in a legal situation which he did not understand and as a result needed the advice of an interested adult. On the contrary, appellee as a veteran arrestee and seasoned delinquent was probably in less need of the assistance of an interested adult than a first offender who happened to be born four months and one day earlier than appellee. Nonetheless, he did take advantage of the opportunity to confer with his father, an experienced police officer, before being questioned by the authorities.

Additionally, the evidence shows that appellee's physical condition was normal and no one struck or beat him. There were no threats or promises made and appellee was not subjected to psychological abuse. His reasonable requests were granted such as use of the toilet facilities when the need arose. Further, during the span when appellee was informed of his rights and waived them, and while giving his statement, appellee's father was ever present.

In applying the totality of circumstances test to the evidence in this case, it is apparent that the appellee knowingly and willingly waived his rights to stand silent, and to the assistance of counsel, and freely gave the statement introduced against him.

I, therefore, concur with the majority in reversing the order of the Superior Court and reinstating the judgment of sentence.

McDERMOTT, J., joins in this concurring opinion.

HUTCHINSON, Justice, concurring.

I agree with the majority that we should overrule the *per se McCutchen* rule requiring that a juvenile be accorded an opportunity to consult with an adult interested in that juvenile's welfare, and who has been informed of the juvenile's rights before he may effectively waive his Fifth Amendment right to remain silent and Sixth Amendment right to counsel. I also approve of this court's adoption of a totality of the circumstances test which includes:

> evaluation of the juvenile's age, experience, education, background, and intelligence, and . . . whether he has the capacity to understand the warnings given him, the nature of his Fifth Amendment rights, and the consequences of waiving those rights.

*Fare v. Michael C.,* 442 U.S. 707, 725, 99 S.Ct. 2560, 2571–72, 61 L.Ed.2d 197 (1979). *See Commonwealth v. Barry,* 500 Pa. 108, 454 A.2d 985 (1982) (McDermott, J. dissenting opinion in which Larsen and Hutchinson, JJ. join).

However, I would not apply any presumption, evidentiary or otherwise, to a failure to afford a juvenile an opportunity to consult with an "interested adult". Whether a juvenile has had such an opportunity or not, however, may be a factor to be considered in determining whether a juvenile has knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel.

In the present case, either with or without the presumption, the record clearly demonstrates the Commonwealth proved appellant's confession was knowingly, intelligently and voluntarily made.

McDERMOTT, J., joins in this opinion.