J-A04010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DAVON LEE BROWN :
:
Appellant : No. 834 MDA 2022

Appeal from the PCRA Order Entered April 28, 2022
In the Court of Common Pleas of York County
Criminal Division at No.:  CP-67-CR-0007401-2015

BEFORE:  STABILE, J., DUBOW, J., and McCAFFERY, J.

MEMORANDUM BY STABILE, J.:                **FILED APRIL 25, 2023**

Appellant, Davon Lee Brown, appeals from the April 28, 2022 order denying his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

The procedural and factual history of this case were summarized on direct appeal.  ***See Commonwealth v. Brown***, No. 349 MDA 2018, unpublished memorandum (Pa. Super. filed February 10, 2020).  Briefly, police responded to the report of a domestic incident involving Appellant and his girlfriend at a residence located at 221 Green Street in the City of York. Upon making contact with Appellant at the address provided, the officers apprehended him.  Following the arrest, the officers proceeded to search Appellant.  On Appellant's person, the officers found a large stack of cash (approximately $3,000), a rock of crack cocaine, and two car keys for a Nissan

Altima belonging to Enterprise Rental and rented by Appellant's aunt. The vehicle was parked in the backyard of the residence. The car was locked, the alarm armed, and the windows up. From outside of the driver's side rear window, the police could see the butt of a pistol sticking out of the pocket on the back of the driver's seat. The pocket was open enough that they could see the barrel of the gun pointing down inside it. With the keys found on Appellant, the police unlocked the car and recovered the firearm.

Following a jury trial, Appellant was found guilty of firearms not to be carried without a license and possession with intent to deliver.[1] The trial court sentenced Appellant to 42 to 84 months of incarceration on the count of firearms not to be carried without a license, and a consecutive 48 to 96 months of incarceration on the count of possession with intent to deliver.

Appellant timely appealed to this Court. On direct appeal, Appellant argued, *inter alia*, that the evidence was insufficient to sustain Appellant's "conviction for firearms not to be carried without a license where the Commonwealth failed to prove that [Appellant] carried the firearm on his person or had constructive possession of the firearm." **Brown**, No. 349 MDA 2018, at *3. We affirmed the judgment of sentence.

_____

[1] While in the process of deliberating, the jury inquired whether under Pennsylvania law a driver is responsible for all the contents of the vehicle they are driving. N.T. Trial, 10/30/17, at 287. In response, the trial court, without any objections from the parties, reiterated only the definitions of actual and constructive possession from the standard instruction as opposed to reiterating the entire standard instruction. **Id.**

Our Supreme Court denied Appellant's petition for allowance of appeal on August 18, 2020. **See Commonwealth v. Brown**, No. 119 MAL 2020 (Pa. 2020).

Appellant filed an amended, counseled PCRA petition on February 15, 2022, alleging that trial counsel was ineffective. After conducting a hearing on April 28, 2022, the PCRA court denied relief. **See** Order, 4/28/22. This appeal followed.

Appellant presents one question for our review:

> Whether trial counsel was ineffective . . . for failing to request an instruction relating to the charge of firearm not to be carried without a license, specifically, the element of carrying a firearm in a vehicle, in response to the jury question if under the law in Pennsylvania anyone is responsible for what is in a vehicle.[2]

Appellant's Brief at 4.

Our standard of review is well settled.

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo*.

---

[2] While the statement of questions in tis appeal lists apparently only one question for review, in the argument section of Appellant's brief he addresses several sub-issues, most of which are not fairly suggested by the only question raised before us. **See** Pa.R.A.P. 2116(a). For sake of completeness, we will nonetheless address them.

- 3 -

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015), *appeal denied*, 123 A.3d 331 (Pa. 2015).

Counsel is presumed effective. To overcome this presumption, the petitioner must plead and prove by a preponderance of the evidence that (1) the underlying issue is of arguable merit; (2) counsel had no reasonable strategic basis in support of the disputed action or inaction, and (3) counsel's errors prejudiced the petitioner. *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013). "A petitioner must prove all three factors of the '*Pierce* test,' or the claim fails." *Reyes-Rodriguez*, 111 A.3d at 780. Put differently, "[t]he burden of proving ineffectiveness rests with Appellant." *Commonwealth v. Chmiel*, 889 A.2d 501, 540 (Pa. 2005).

Arguable merit exists when the factual statements, "if accurate, could establish cause for relief." *Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (*en banc*). Whether the "facts rise to the level of arguable merit is a legal determination." *Id.*

The test for deciding whether counsel had a reasonable basis for his/her action or inaction

> is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

*Id.*

"Prejudice means that, absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different." *Commonwealth v. Cox*, 983 A.2d 666, 678 (Pa. 2009).

Appellant argues trial counsel was ineffective for failing to seek a jury instruction dealing with constructive possession. No relief is due as Appellant is unable to plead and prove that his claim of ineffective assistance of counsel has arguable merit. Indeed, as noted below, on direct appeal we concluded that Appellant had constructive possession of the weapon, even though the gun was not found on Appellant's person but in a pocket of the vehicle. *See Brown*, No. 349 MDA 2018, at *6-7. Accordingly, we cannot find that counsel was ineffective for not pursuing a meritless claim. *See*, *e.g.*, *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa. Super. 2004).

Relying on *Commonwealth v. Carrington*, 324 A.2d 531 (Pa. Super. 1974), Appellant also argues "that the mere presence of a revolver in the vehicle owned by a Brown is not a crime unless the Brown was present and in control of the movement of the vehicle." Appellant's Brief, at 12 (verbatim).

In *Carrington*, the police found contraband in a vehicle following a traffic stop. Carrington, the owner of the vehicle, was not in the car at that time. In fact, some time earlier, he had reported the car stolen. Amphetamines were found in the car and a loaded .22 caliber pistol was found in a briefcase in the trunk. There also were papers in the briefcase suggesting

the case was Carrington's. Based on this evidence, Carrington was found guilty of carrying a firearm without a license.

A panel of our Court reversed, finding the evidence was insufficient to support the conviction. We stated:

> In the instant case, the appellant was not present in the car at the time the car was stopped, nor when the gun was found. In fact, the appellant, the owner of the vehicle, had reported the car as stolen to the police. There is nothing in the record to indicate a conspiracy or link between the appellant and the occupants of the car so as to show that he in any manner vicariously engaged in criminal activity. No fingerprints belonging to the appellant were found on the gun, nor was there any evidence that appellant had placed the gun in the attache case. The mere fact that appellant owned the stolen vehicle and that papers were found in the attache case that could lead to a belief that appellant owned the case does not establish beyond a reasonable doubt that appellant placed the gun in the attache case or sanctioned the transport of the gun in the car. There is, in short, insufficient evidence to establish the offense of 'carrying' with respect to the appellant. As this Court said in **Commonwealth v. Festa**, [40 A.2d 112, 116 (Pa. Super.1944)]: '(T)he mere presence of a revolver in the appellant's car was not a crime unless the appellant was present and in control of the movements of the car.' That crucial 'connection' was not established by the Commonwealth in its case.

*Id.* at 532.

A controlling difference between **Carrington** and the instant matter is that the Commonwealth provided no connection between Carrington and either the contraband or the people in the car. It was undisputed that Carrington was not in the car when the police stopped it. Additionally, there was evidence that the car was stolen. Accordingly, it was no stretch to believe people who would steal a car and put drugs in it, may also hide a gun in a briefcase. In short, there was ample reason to question Carrington's

connection to the contraband in the vehicle which made it impossible for the Commonwealth to sustain its burden of proof.

No such reasonable doubt was demonstrated here. The Commonwealth was able to connect Appellant to the car, and therefore, to the weapon. Indeed, as a previous panel of this Court noted:

> it is evident that [Appellant] did not have actual possession of the firearm. However, considering the totality of the circumstances in this case, we conclude that there was sufficient evidence for the jury to find that [Appellant] had conscious dominion of the firearm, and thus, constructive possession of it.
>
> Following the apprehension and search of [Appellant], the police found two of the same key linked together for a 2015 Nissan Altima. These were the only keys for this car, as it was a rental. The car was parked in the backyard of the residence where the police found [Appellant]. The windows to the car were rolled up; the car was locked, with the alarm armed. When the police clicked one of the keys found on [Appellant], the car unlocked.
>
> Inside, the police found a firearm in the pocket on the back of the driver's seat which was in plain view. The butt of the gun was sticking out of the pocket; the pocket was open enough so that the police could see the gun pointed down into pocket. The firearm was within arm's reach of the driver of the vehicle.
>
> From these facts, it is evident that [Appellant] was the only one at the time who had access to the vehicle. Although the vehicle was leased to his aunt, she was not there. Moreover, despite [Appellant]'s efforts at trial to show that the other two individuals at the scene had access to the car, and not [Appellant], they in fact did not have access to it. The car was locked and [Appellant] was the only one with the keys. Considering this, [Appellant] was the only one who could control the vehicle and access it. Consequently, [Appellant] was the only that had the ability to control the weapon found inside the vehicle.

**Brown**, No. 349 MDA 2018, at *6-7.

- 7 -

In light of the foregoing, we conclude that Appellant's reliance on ***Carrington*** is misplaced as the instant matter is factually distinguishable in critical respects from ***Carrington***.

Finally, to the extent Appellant argues that trial counsel should have requested a full instruction "on the critical element of the firearm being carried in the vehicle," Appellant's Brief at 15, no relief is due.

Appellant essentially argues that trial counsel erred in not seeking a full instruction as opposed to having the trial court merely reiterate the actual and constructive possession aspects of the instruction, in response to the question from the jury. According to Appellant, simply focusing on the actual/constructive possession aspect failed to provide the jury with appreciation for the "required element of the firearm in [the] vehicle." Appellant's Brief at 14. Additionally, according to Appellant, trial counsel failed to object to the trial court's explanation that, for purposes of actual/constructive possession, "it really doesn't matter whether it is a car or a house or whatever." ***Id.*** Appellant concludes that these errors resulted in confusing the jury "to consider at all or weigh whether the firearm is being carried in the vehicle." ***Id.*** at 15.

Even if we were to conclude that, under the circumstances, it would have been helpful if the court had read the instruction in its entirety, Appellant would still be unable to prove, by a preponderance of the evidence, that the claim had arguable merit, that counsel had no reasonable basis for not

pursuing it, or that there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.

The record does not support Appellant's allegation of confusion as to what the jury was asked to decide. Indeed, the question raised by the jury factually contradicts Appellant's claim. It clearly shows that the jury was fully aware that it was tasked with determining whether Appellant controlled the weapon at issue here, despite the fact that the weapon was not on his person but was in the vehicle. After being provided with the law relevant to their question, the jury answered affirmatively, finding that Appellant controlled the weapon despite it being in the vehicle.

Second, at the PCRA hearing, trial counsel explained why he did not object to the trial court's answer or ask for an additional instruction. Counsel testified that he believed the question from the jury was, "[C]an a person be held responsible for everything in the car, simply if you found that that person was driving the car. So the question really called for a definition, in my opinion, of what it means to actually possess something." N.T. PCRA Hearing, 4/28/22, at 15. Accordingly, trial counsel believed that the trial court's answer to the jury question was fair, squarely addressed the question raised, and helped clear up any potential confusion as to what constituted "control" of the weapon under Pennsylvania law.

We must emphasize that the test to determine whether counsel's conduct had some reasonable basis is not whether other alternatives were

more reasonable, employing a hindsight evaluation of the record. *See Commonwealth v. Dunbar*, 470 A.2d 74, 77 (Pa. 1983). Rather, Appellant has the burden to show that, in light of all alternatives available to trial counsel, the strategy actually employed was so unreasonable that no competent lawyer would have chosen it. *Id.* Claiming that counsel should have asked the trial court to read the full instruction based on a meritless claim of a confused jury is not sufficient to show that trial counsel's conduct was so unreasonable that no competent lawyer would have chosen it.

Finally, Appellant failed to prove by a preponderance of the evidence that, absent trial counsel's omission, there was a reasonable probability the outcome of the proceedings would have been different. The record shows that Appellant had control over the weapon, despite it being in the vehicle and not on his person, that the trial court properly instructed the jury, that the trial court's response to the jury question was adequate, and that the jury was not confused as what it was tasked to do. In light of the foregoing, we conclude that the Appellant failed to prove by a preponderance of the evidence that that there was a reasonable probability that, but for counsel's omission, the outcome would have been different.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>04/25/2023</u>